| | | |
|---|---|---|
| CAITLIN ANN HAY<br>5905 Picnic Woods Road<br>Jefferson, MD 21755 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | FREDERICK COUNTY |
| WAL-MART STORES, INC.<br>701 South Walton Blvd. | * | JURY TRIAL DEMANDED |
| Bentonville, AR 72716<br>Serve On: | * | Case No.: |
| The Corporation Trust Inc.<br>351 W. Camden Street | * | |
| Baltimore, MD 21201 | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Caitlin Ann Hay, Plaintiff, by Alexander A. Bush and Ingerman & Horwitz, LLP, her attorneys, sues Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), Defendant, and says:

### COUNT ONE (NEGLIGENCE)

1. Plaintiff is a citizen and resident of Frederick County, MD.

2. At all times relevant hereto, Defendant was the operator of a retail business, Wal-Mart Store located at the premises of 7400 Guilford Dr, Frederick, MD 21704. At that location, Defendant operated a retail business, to which the public in general, and Plaintiff in particular, was invited.

3. At all times relevant hereto, Plaintiff Caitlin Hay was a customer/business invitee on the premises of Defendant, at its Frederick, Maryland location.

4. At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety.

FILED
2015 JAN 16 P 10: 59
SANDRA K. DALTON
CLERK
BY

5. While traversing an aisle of the Defendant's Frederick, Maryland Store on August 29, 2013, Plaintiff Caitlin Hay was caused to fall to the ground suddenly and without warning by moisture on the floor. The fall was the result of a hazardous and dangerous condition for customers on Defendant's premises. This fall occurred in the public area of Defendant's premises. Plaintiff fell violently to the floor, resulting in injury to, *inter alia*, her head, neck, and right elbow.

6. Defendant had a duty to maintain its premises, including its aisles and walkways in a reasonably safe condition and to remove from its floors any object that could present a hazard to its business invitees.

7. Defendant had a further duty to inspect its aisles and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards and to remove said hazards from the premises.

8. On the date and time of the occurrence referred to above, Defendant knew or should have known of the dangerous condition on which Plaintiff slipped and fell, of the defect creating a hazardous condition and of the potential danger it presented to Plaintiff as well as other customers of the store, but took no action to limit or eliminate this danger.

9. Defendant breached its duty to Plaintiff by: (a) failing to keep and maintain its premises in a safe and reasonable condition; (b) failing to properly monitor inspect its premises; (c) failing to adequately secure or otherwise correct the aisles and walkways that Plaintiff was caused to slip and fall; (d) failing to place cones, markers or other warning devices in the area which Plaintiff slipped and fell; (e) failing to block of the area of the store where a dangerous condition was located; (f) failing to warn the Plaintiff of the existence of a dangerous condition

in the public area of Defendant's premises; (g) failing to correct a dangerous situation of which it had or should have had notice; (h) being otherwise careless, negligent and reckless.

10. As a direct and proximate result of the negligence of Defendant, as aforesaid, Plaintiff Caitlin Hay sustained serious and permanent injuries to her head, neck, back, body, and limbs, specifically including injuries to her head, neck, and right elbow.

11. As a further result of the negligence of the Defendant, Plaintiff Caitlin Hay incurred substantial medical and hospital bills for the treatment of her injuries and will incur additional bills in the future, for the remainder of her life.

12. As a further direct result of the negligence of the Defendant, Plaintiff Caitlin Hay was forced to lose time from work with the resultant loss of income.

13. As a further direct result of the negligence of the Defendant, Plaintiff Caitlin Hay was forced to lose time from school.

14. All of Plaintiff Caitlin Hay's injuries, losses and damages, past, present and future, are the direct and proximate result of the negligence of the Defendant, as aforesaid, with no negligence or lack of due care on the part of the Plaintiff contributing thereto, either directly or indirectly.

WHEREFORE, Plaintiff, Caitlin Ann Hay, claim damages in excess of Seventy-Five Thousand Dollars ($75,000.00) against Defendant Wal-Mart Stores, Inc.

Respectfully submitted,

_____
ALEXANDER A. BUSH
Ingerman & Horwitz, LLP
20 Park Avenue
Baltimore, MD 21201
(443) 627-2001
Attorney for Plaintiff